IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ANDREW M. FRIEDLANDER,

    Plaintiff,

v.

NEW SGC LLC
d/b/a SPORTSCARD GUARANTY,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff ANDREW M. FRIEDLANDER, ("Plaintiff"), by and through his undersigned counsel, hereby files this lawsuit against Defendant, NEW SGC LLC, a Florida Limited Liability Company d/b/a SPORTSCARD GUARANTYand as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant has a principal address located at 951 Yamato Road, Suite 110, Boca Raton, Florida 33431.

6. This cause of action arose in Palm Beach County, Florida.

7. Palm Beach County, Florida is proper venue for this action because Plaintiff at all times material hereto, was employed by and had dealings with Defendant in Palm Beach County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

9. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant from on or about July 6, 2020 up to and including his separation on December 22, 2020.

13. Defendant is a company in the business providing evaluation and review of sports trading cards. Customers of the Defendant mailed or shipped in trading cards for evaluation by the company and for a grade. The grade would then enable to the customers to sell their cards on platform, the grade increasing the value of the trading cards.

14. Plaintiff held the position of Proofing and Grading.

15. Plaintiff responsibilities included reviewing, proofing, and grading the cards.

16. When Plaintiff was initial hired, he was paid hourly.

17. While hourly he was paid for some overtime hours but was not provided with a time sheet or a paystub so cannot state whether he was paid for all overtime hours.

18. In September 2020 plaintiff was converted to salary. He remained a salaried employee until his separation on December 22, 2020. During this time Plaintiff continued to work overtime but was not compensated at all for hours worked over 40 in a workweek.

19. During this salaried period Plaintiff worked an average of ten (10) hours a day, five days a week.

20. During this time period, Plaintiff estimates that he is owed unpaid overtime for at least five (5) hours a week beginning September 2020 until his separation on December 22, 2020.

21. Plaintiff estimates he is owed $1,226.40 which was calculated using his salary of $41,000 divided by the time he worked in a work week, 45 hours. Plaintiff's hourly rate under this analysis is $17.52 and his half time rate is $8.76. Under a half time calculation for overtime at 5 hours a week, Plaintiff is owed $613.20 (5 x $43.80 x 14 weeks -$613.20). Plaintiff is also owed an equal amount in liquidated damages for a total of $1,226.40.

22. In addition to the unpaid overtime during the salaried period, Plaintiff demands an accounting, records, and payment history for the earlier time period he was paid hourly to confirm he was properly compensated for overtime.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

23. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

24. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

25. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

26. Defendant failed to compensate Plaintiff his overtime rate for all worked performed in excess of forty (40) hours.

27. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

28. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

31. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated this 29th day of January 2021.

>SCOTT WAGNER & ASSOCIATES, P.A.
>Jupiter Gardens
>250 South Central Boulevard
>Suite 104-A
>Jupiter, FL 33458
>Telephone: (561) 653-0008
>Facsimile: (561) 653-0020
>
>s/Cathleen Scott
>Cathleen Scott, Esq.
>Florida Bar Number 135331
>Primary e-mail: CScott@scottwagnerlaw.com
>Secondary e-mail: mail@scottwagnerlaw.com
>Secondary Address: 101 Northpoint Parkway
>West Palm Beach, FL 33407
>www.ScottWagnerLaw.com